UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

JOHN L. MAYS, JR.                             CIVIL ACTION NO. 22-cv-509

VERSUS                                          JUDGE TERRY A. DOUGHTY

CITY OF SHREVEPORT, ET AL            MAGISTRATE JUDGE HORNSBY

## REPORT AND RECOMMENDATION

**Introduction**

John L. Mays, Jr. ("Plaintiff"), who is self-represented, filed this civil action against dozens of defendants including judges, courts, police, the Supreme Court of Louisiana, the Louisiana Attorney Disciplinary Board, the Social Security Administration, and the ACLU. Plaintiff complains at length about an arrest in Bossier City in 2019, the legal proceedings associated with the arrest, and various other aspects of his life and legal matters. For the reasons that follow, it is recommended that Plaintiff's complaint be dismissed.

**Summary of the Complaint**

Plaintiff commenced this action by filing a 119-page handwritten complaint. His allegations are scattered and repetitive, but it can be discerned that his primary complaint is that he was arrested in Bossier City on November 15, 2019 by Corporal Sanchez and charged with public intoxication. Plaintiff complains that he was subjected to racial profiling and excessive force. He complains that video evidence was withheld, and the

Brady rule was otherwise violated. Plaintiff appears to allege that the claims were ultimately dismissed, but he is not satisfied with that outcome.

Plaintiff also makes a number of allegations concerning treatment at the Shreveport City Jail and in connection with trespassing or some similar charge within the Shreveport City Court system. He names every clerk or judge who possibly had anything to do with his criminal proceedings. Plaintiff alleges that prosecutors in his cases issued "fake bogus subpoenas and summons" in violation of his rights. He describes various events and court appearances, but none of them took place later than October 2020. Plaintiff quickly followed his original complaint with a 12-page amended complaint that merely repeats some of the same allegations that he already repeated over and over in the original complaint. The amended complaint ends with a request for compensation of $15,000,000 plus punitive damages and attorneys' fees totaling $65,000,000.

**Timeliness**

Plaintiff is proceeding in forma pauperis, so his complaint is subject to review under 28 U.S.C. § 1915. A claim that is time barred is properly dismissed as frivolous under Section 1915(e)(2)(B)(i). Gonzalez v. Wyatt, 157 F.3d 1016, 1019-20 (5th Cir. 1998); Juarez v. Anderson, 598 Fed. Appx. 297, 298 (5th Cir. 2015). District courts may raise the defense of limitations sua sponte in an action under Section 1915, Gartrell v. Gaylor, 981 F.2d 254, 256 (5th Cir. 1993), but the court must afford the plaintiff fair notice and an opportunity to present his position. Day v. McDonough, 126 S.Ct. 1675 (2006).

Plaintiff's complaint asserts that it is for a violation of civil rights, which may be actionable under 42 U.S.C. § 1983. That statute does not have its own statute of limitations,

so Louisiana's one-year prescriptive period governs. Elzy v. Roberson, 868 F.2d 793, 794-95 (5th Cir. 1989). Federal law determines when the claim accrues, and it provides that the limitations period begins to run the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured. Piotrowski v. City of Houston, 51 F.3d 512, 516 (5th Cir. 1995). The plaintiff need not realize that a legal cause of action exists; he need only know the facts that would support a claim. Id.

Plaintiff alleges the dates of the key events on which his complaint is based. All of them took place between 2018 and October 2020. He did not file this civil action until February 15, 2022, more than one year after the last possible actionable event. Therefore, Plaintiff's claims against all of the various police officers, judges, clerks, and others who are accused of wrongdoing in connection with his city court proceedings are untimely on the face of the complaint.

**Social Security Administration**

Plaintiff alleges that the various city officials "tried to get me cut off because I refused the social security payment plan to plead guilty and called the social security to get me cut off." Plaintiff alleges that the "social security administration said if I do 30 days in jail or found guilty or take a plea deal they will cut me off of my social security disability benefits." Plaintiff makes similar allegations throughout his lengthy complaint.

It does not appear that Plaintiff squarely alleges that his benefits were ever terminated or suspended as a result of the court proceedings, so it is difficult to discern a basis for a claim based on a mere possibility that did not come to fruition. Furthermore,

the United States and the Social Security Administration generally have sovereign immunity and can be sued only as Congress has allowed.  Federal courts have a limited authority to review final decisions of the Commissioner of the agency under 42 U.S.C. § 405(g).  And Section 405(h) expressly limits jurisdiction in such claims to prohibit actions based on general federal question jurisdiction or the Federal Tort Claims Act.  It appears that Plaintiff has failed to state a claim on which relief may be granted against the Social Security Administration and that the agency has sovereign immunity that would defeat any such claim.

**The ACLU**

Plaintiff apparently recognizes the untimeliness of his claims.  He alleges in multiple places in his complaint that the ACLU is at fault because they prevented him from filing a timely complaint based on these events.  Plaintiff attaches an empty envelope from the ACLU addressed to Plaintiff; he does not submit any correspondence between him and the ACLU.

To avoid dismissal for failure to state a claim, a plaintiff's complaint must plead enough facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955 (2007)).  The factual allegations must "raise a right to relief above the speculative level." Twombly, 127 S.Ct. at 1965.  "[P]ro se complaints are held to less stringent standards than those drafted by lawyers," but even in a pro se complaint "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." Taylor v. Books A Million, Inc., 296 F.3d 376, 378 (5th Cir. 2002).

Plaintiff broadly alleges that the ACLU somehow prevented him from filing a timely civil action, but he does not provide any facts, despite the length of his complaint, that suggest how the organization may have done so. Plaintiff also provides no facts that would suggest a relationship between Plaintiff and the ACLU that would obligate the organization to file a complaint on Plaintiff's behalf. The ACLU routinely receives correspondence from persons who complain of perceived civil rights violations, but that, alone, does not allow the writer to assume that the organization will provide representation or file a complaint. Plaintiff has not alleged adequate facts to provide even a reasonable implication that the ACLU somehow prevented him from filing a timely suit or agreed to handle his claims and could somehow be held liable for the lack of a timely complaint. Given the conclusory allegations with respect to the ACLU, the complaint does not state a claim against the organization that passes muster under <u>Twombly</u>.

**Conclusion**

Despite the length and verbosity of Plaintiff's complaint, as amended, the bulk of Plaintiff's claims are untimely on the face of the pleading. The others are subject to dismissal based on sovereign immunity or failure to state a claim on which relief may be granted. Although not discussed above, several of the named defendants would also be entitled to dismissal based on judicial immunity, lack of duty, and other grounds.

Accordingly,

It is recommended that Plaintiff's complaint, as amended, be dismissed with prejudice for failure to state a claim on which relief may be granted.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 15th day of March, 2022.

Mark L. Hornsby
U.S. Magistrate Judge